UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| John Lawn, a resident of New York. ) | **IN ADMIRALTY AND AT LAW** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| ) | **COMPLAINT** |
| Tropical Tours Baja Cabo, SA de CV, a ) | |
| Mexican Company, and Carnival Corporation ) | |
| d/b/a Carnival Cruise Line ) | **JURY DEMANDED** |
| ) | |

COMES NOW Plaintiff John Lawn personally, to aver and state as follows:

### PARTIES TO THE ACTION

1. Plaintiff John Lawn, is now, and was at all times mentioned in this complaint, an individual residing in the state of New York.

2. Defendant Tropical Tours Baja Cabo, SA de CV, a Mexican Company, address Carretera Transpeninsular Km. 29.5, Plaza Las Palmas L-35 A, Col. Jesus Castro Agundez San Jose del Cabo, BCS 23440, Mexico, is based in San Jose del Cabo, Mexico.

3. Defendant Carnival Corporation d/b/a Carnival Cruise Lines ("CARNIVAL"), is a foreign corporation with its principal place of business in Miami, Florida, and is a common carrier of passengers by water and material times hereto.

COMPLAINT - 1

**Moure Law, pllc**
*A Professional Limited Liability Corporation*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 374-2293

## JURISDICTION AND VENUE

4. This court has jurisdiction under 28 U.S.C. §§ 1332 and 1333, and or under the general maritime law, and under the excursion contract and or the contract of carriage. Jurisdiction is thus based on the court's admiralty jurisdiction and pursuant 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant pursuant to contract.

6. This Court has personal jurisdiction over Defendant pursuant to RCW 4.28.185 and the minimum contacts test of *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) because this action arises out of Defendant's transactions of business within the State of Washington over the last 20 plus years.

7. Venue is proper in this Judicial District under 28 U.S.C. § 1391 (b) and (c) because the Defendant is subject to personal jurisdiction in this Judicial District and therefore are deemed to reside in this District.

8. All conditions precedent for filing and maintaining this action have been satisfied, have been waived, or do not apply.

## GENERAL BACKGROUND

9. On or about January 13, 2019, Plaintiff embarked on a Mexican Riviera cruise on the vessel Eurodam.

10. On the first day at sea, on or about January 14, 2019, Plaintiff purchased a port city excursion located in Cabo San Lucas, Mexico, called the "Snorkel & Sail to Santa

COMPLAINT - 2

**Moure Law, pllc**
*A Professional Limited Liability Corporation*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 374-2293

Maria Cove." Holland America Line, a cruise ship company, sold this excursion directly to the Plaintiff while he was onboard.

11. Mr. Lawn purchased the port city excursion after reading Holland America's website stating that the tour operators "meet our high standards." The website also states that "[s]afety is of extreme importance to us and our tour operators." It also states that the excursion is of "superior quality."

12. On January 15, 2019, the Plaintiff participated in the "Snorkel & Sail to Santa Maria Cove" excursion run by Tropical Tours. After arriving at Tropical Tours' location in Cabo San Lucas, the excursion participants departed to Santa Maria Cove on one of Tropical Tours' sailing catamarans called the Pez Gato I. The catamaran was operated by employees and/or agents of Tropical Tours including the boat's captain and excursion guides. Upon information and belief, Tropical Tours owns the Pez Gato I.

13. Once the Plaintiff reached the planned destination for snorkeling, he was in the process of coming back on to the catamaran after snorkeling when, using the designated stairs, he slipped and fell, hitting his arm and head and suffering serious injury.

14. At the time of Plaintiff's fall, the vessel did not have a handrail located at or near the stair area that would have provided Plaintiff the ability to prevent his fall. See attached as Exhibit A a picture from the Tropical Tours Facebook page showing the stairs on the Pez Gato I as they were at the time Mr. Lawn fell.

15. At the time of Plaintiff's fall, upon information and belief, the vessel's stairs did not have adequate non-skid surface to prevent Plaintiff's fall and subsequent injury.

16. Following his injury, Plaintiff and his traveling companion, Pat Savella, were disembarked via a water ambulance to the port of Mexico where he was taken to a hospital for treatment.

COMPLAINT - 3

Moure Law, pllc
*A Professional Limited Liability Corporation*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 374-2293

17. At the hospital, Plaintiff was diagnosed with a severely fractured arm that would require surgery and a fractured eye socket.

18. On January 17th, 2019, cutting short his cruise, Plaintiff flew back home to Long Island, NY, and on January 18th, 2019, Plaintiff had surgery at the Long Island Jewish Hospital. The surgery involved the insertion of 15 screws, two rods, and two cables into his arm.

19. Plaintiff continues to undergo physical therapy to his arm as part of his ongoing recovery and rehabilitation.

20. Plaintiff's fractured eye has not healed to date and he still has a large, disfiguring lump on his eye.

21. Plaintiff suffered a head injury and is undergoing medical treatment for loss of memory and headaches.

22. Upon information and belief, after Mr. Lawn fell on the stairs, Tropical Tours replaced the stairs and installed new stairs with handrails. See attached as Exhibit B a recent picture taken of the new stairs on the Pez Gato I.

## CLAIM FOR RELIEF

### First Cause of Action - Negligence

23. Plaintiff realleges each allegation set forth in the paragraphs above and below as though fully set forth herein.

24. Defendant owed a duty to warn Plaintiff and the other passengers and invitees on the Vessel of the hazards posed by the unique circumstances of maritime travel aboard including those on the cruise excursion.

25. Defendant owed a duty to Plaintiff to operate all aspects of the cruise excursion in a safe and reasonable manner, including in compliance with all Coast Guard

COMPLAINT - 4

**Moure Law, pllc**
*A Professional Limited Liability Corporation*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 374-2293

rules and safety regulations, and in compliance with the provisions contained in the Tour Operator Contract and Tour Operator Manual in effect at the time of accident between Defendant, Carnival Corporation, Carnival plc and their subsidiaries and affiliates, including the Holland America entities.

26. Defendant knew and/or should have known that their failure to warn passengers and invitees on the Vessel of the hazards of maritime travel could lead to injuries or death to those passengers and invitees.

27. Defendant knew and/or should have known that their failure to operate all aspects of the cruise excursion in a safe and reasonable manner could lead to injuries to those passengers and invitees participating in the cruise excursion.

28. The circumstances under which Plaintiff was injured were such that he could not have incurred those injuries except by Defendant's negligence.

29. Defendant's negligence consisted of, among other things, the following:

(a)  failing to operate the cruise excursion in a safe and responsible manner;

(b)  failing to warn passengers of the dangerous, hazardous, and unsafe conditions on the cruise excursion;

(c)  failing to take reasonable precautions against dangerous, hazardous, and unsafe conditions during the cruise excursion;

(d)   failing to make reasonable efforts to ensure that passengers, such as Plaintiff, would not be injured by slipping and falling on a vessel that did not have a proper handrail and did not have a proper nonskid walking surface for passengers disembarking the vessel to snorkel;

(e)  failing to provide adequate medical treatment, medical equipment, and emergency medical training on the cruise excursion; and

COMPLAINT - 5

**Moure Law, pllc**
*A Professional Limited Liability Corporation*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 374-2293

(f) such other negligent acts and/or failures to act as may be revealed during the course of this action.

30. Defendant's negligent actions and failures to act directly and proximately caused Plaintiff bodily injury, conscious mental and physical pain and suffering, loss of wages, and emotional distress.

31. Defendant had a duty to protect Plaintiff from dangers unique in maritime travel.

32. Defendant breached its duties by acting negligently and by negligently failing to act.

33. Defendant's breaches of its duties to Plaintiff directly and proximately caused Plaintiff's physical injuries.

34. Defendant's breaches of its duties negligently inflicted emotional distress upon Plaintiff.

35. Plaintiff sustained special damages in an amount to be proven at trial as a result of Defendant's negligence.

36. Plaintiff sustained general damages in an amount to be proven at trial as a result of Defendant's negligence.

**Second Cause of Action – Breach of Written Contract by Third Party Beneficiary**

37. Plaintiff realleges each allegation set forth in the paragraphs above and below as though fully set forth herein.

38. Tropical Tours and Carnival entered into various written contracts to operate excursions that Holland America, a subsidiary of Carnival, sold to its passengers including Plaintiff and Defendant Tropical Tours operated these excursions, including the excursion that resulted in Plaintiff's injuries.

COMPLAINT - 6

**Moure Law, pllc**
*A Professional Limited Liability Corporation*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 374-2293

39. Upon information and belief, the contract(s) impose(s) various obligations upon Defendant Tropical Tours intended for the benefit of passengers of Holland America, a subsidiary of Carnival, including Plaintiff, including but not limited to insurance, safety, and service standard obligations as well as the obligation to agree to jurisdiction for any litigation instituted by Holland America/Carnival passengers against it for breach of the obligations which it owed under the contract(s) or any rule, regulation and standards promulgated by Holland America/Carnival.

40. Plaintiff was an intended third-party beneficiary of those contracts entered into by and between Holland America and Defendant.

41. Defendant Tropical Tours breached those contracts by, among other things, failing to operate the vessel in a safe manner, failing to have steps with appropriate non-skid, failing to have steps with a hand rail, and failing to warn its passengers of a hazard.

42. Defendant Carnival breach the subject contract(s) by failing to comply with its obligations to make sure that Defendant Tropical complied with their safety and service standard obligations in connection with the operation of the subject excursion as its own safety manual states that stairs must have a handrail.

43. As a proximate result of Defendant's breach of contract as set forth above, Plaintiff suffered both special and general damages.

**RELIEF**

WHEREFORE, Plaintiff John Lawn, personally, respectfully prays for entry of a judgment granting the following joint and several relief against all Defendant Tropical Tours Baja Cabo, S.A. de C.V. and Carnival Corporation:

(a) For an award of special damages in an amount to be proven at trial;

(b) For an award of general damages in an amount to be proven at trial;

(c) For an award of interest and attorney's fees as may be allowed by law;

COMPLAINT - 7

**Moure Law, pllc**
*A Professional Limited Liability Corporation*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 374-2293

(d)     For such other and further relief as the Court deems fair, just, and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein triable to a jury.

**DATED this 5rd day of November 2020**         **DATED this 5rd day of November 2020.**

*s/Charles P. Moure*                              *s/Gordon C. Webb*

_____                       _____
CHARLES P. MOURE, WSBA # 23701                    GORDON C. WEBB, WSBA # 22777
1521 Second Avenue, Suite 1400                    225 106th Avenue NE
Seattle, Washington 98101                         Bellevue, Washington 98004
Telephone 206.300.2351                            Telephone 425.454.3800
Email: Charles@mourelaw.com                       E-mail Gordon@webblawfirm.net
Attorney for Plaintiff                            Attorney for Plaintiff

COMPLAINT - 8

**Moure Law, pllc**
*A Professional Limited Liability Corporation*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 374-2293

# EXHIBIT A



# EXHIBIT B



